# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| RICKY ALLEN WARD, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:19cv00305 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TAZEWELL COUNTY | ) | |
| SHERRIF DEPARTMENT, <u>et al.</u>, | ) | By: Michael F. Urbanski |
|     Defendants. | ) | Chief United States District Judge |

Plaintiff Ricky Allen Ward, a Virginia inmate proceeding <u>pro se</u>, filed this civil rights action pursuant to 42 U.S.C. § 1983. On August 5, 2019, defendants Meneffee, Smith, and Sheriff's Department filed a motion to dismiss and, on August 6, 2019, the court issued a notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 2005). <u>See</u> ECF Nos. 22 and 24. On August 12, 2019, defendant Lane filed a motion to dismiss, and on August 13, 2019, the court issued a notice pursuant to <u>Roseboro</u>. <u>See</u> ECF Nos. 25 and 27. On August 28, 2019, defendant Lester filed a motion to dismiss, and on August 29, 2019, the court issued a notice pursuant to <u>Roseboro</u>. <u>See</u> ECF Nos. 30 and 32. Each <u>Roseboro</u> notice gave Ward twenty-one days to file a response <u>to the motions</u> and advised him that, if he did not respond, the court would "assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant[s] state[] in their responsive pleading(s)." <u>See</u> ECF Nos. 24, 27, and 32. The notices further advised Ward that, if he wished to continue with the case, it was "necessary that Plaintiff respond in an appropriate fashion," and that if he failed to file a response within the time allotted, the court "may dismiss the case for failure to prosecute." <u>Id.</u> Ward did not respond to any of the motions filed by defendants. Therefore, the court will dismiss Ward's complaint without prejudice for failure to prosecute. However, on August 28, 2019, Ward filed a motion for leave to amend his complaint, stating that, "[s]ince the filing of the original complaint[,] the plaintiff

has learned some of the defendant[s] names and details that need to be added to make clear each officer's actions in [the] original complaint." Ward does not propose any of the amendments he wishes to make. Accordingly, the court will grant Ward's motion to the extent that he shall have thirty (30) days to file an amended complaint. The amended complaint must be a new pleading that stands by itself without reference to a complaint, attachments, or amendments already filed. Ward's filings to date will not be considered by the court and should not be referenced by plaintiff in the proposed amended complaint. The amended complaint must specifically describe how each defendant violated his rights. If Ward fails to file an amended complaint, this action will be terminated.

**ENTER**: This 4th day of October, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge